IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANIEL J GOULD,

    Plaintiff,

v.    CASE NO. 5:12-cv-63-RS-GRJ

KEN TUCKER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper. Docs. 1, 2. Plaintiff is presently confined at North West Florida Reception Center, and he alleges that his Eighth Amendment rights have been violated in connection with his medical care at NWFRC. This case is before the Court for screening pursuant to 28 U.S.C § 1915(b)(2), governing proceedings *in forma pauperis*. On March 20, 2012, the Court deferred a ruling on Plaintiff's IFP motion, and ordered Plaintiff to show cause as to why this case should not be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose all of his prior federal cases, as required on the complaint form. Plaintiff has filed a response to the show cause order. Doc. 5. For the following reasons, the undersigned recommends that leave to proceed as a pauper be denied and that this case be dismissed for abuse of the judicial process.

Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 1 at 21. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits, including whether they have initiated

other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." Doc. 1 at 6-7.  The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  Doc. 1 at 3.  Plaintiff responded "No" to the questions regarding whether he has initated any prior cases regarding the conditions of his confinement, and whether he ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service.  Doc. 1 at 4.

A review of the Court's PACER Case Locator reflects that, contrary to his sworn allegation, Plaintiff filed a prior federal case while he was confined at the Palm Beach Detention Center that was dismissed prior to service for failure to state a claim pursuant to 28 U.S.C § 1915A(b)(1).  *See Daniel J. Gould v. Charles McCutcheon, et al.*, Case No. 9:96-cv-8855-WJZ (S.D. Fla. 1/22/97).[1]  This case counts as a "strike" for purposes of the 28 U.S.C § 1915(g) three-strikes bar.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe *all* previous lawsuits as clearly required on the Court's

---

[1]A review of the Florida Department of Corrections online inmate population information reflects that Plaintiff has a Palm Beach County controlled-substance conviction that corresponds with the timeframe of this prior lawsuit.  Further, Plaintiff does not contend that he did not file the previous case.  Doc. 5.

*Case No: 5:12-cv-63-RS-GRJ*

prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[2]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form -- while attesting to the Court that that the answers are made under penalty of perjury -- impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL

---

[2]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

*Case No: 5:12-cv-63-RS-GRJ*

576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In his response to the show cause order, Plaintiff contends that he was taking psychotropic medication when he was confined at the Palm Beach County Detention Center, that he also had been dealing with an illegal drug problem, and that he does not remember filing the previous case.   Doc. 5.  The Court is not persuaded that Plaintiff's lack of candor should be excused under these circumstances.  The complaint form plainly requires Plaintiff to advise the Court if he is unsure of any additional prior cases. Doc. 1.  A review of the previous Southern District complaint reflects that it is written legibly and coherently sets forth Plaintiff's claims, which concerned the handling of Plaintiff's mail in the detention center.  There is nothing in the previous complaint that suggests Plaintiff was impaired by medication when he prepared it, such that it would be reasonable to expect that he could forget having filed it.

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper, Doc. 2, be **DENIED**, and that this case be **DISMISSED** for failure to comply

with an order of the court, failure to prosecute, and for abuse of the judicial process. Such dismissal should be without prejudice to Plaintiff's right to refile his claims, provided that Plaintiff takes care to comply with his obligation to disclose all prior cases.

**IN CHAMBERS**  this 19th  day of April 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**